**Dewayne HULSEY, Petitioner,**

v.

**Willis SARGENT, Superintendent of the Cummins Unit Penitentiary, Grady, Arkansas, Respondent.**

**No. PB–C–81–2.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 12, 1981.

180

William R. Wilson, Jr., Wilson & Engstrom, Little Rock, Ark., Michael Chertoff, Latham, Watkins & Hills, Washington, D.C., John Charles Boger, NAACP Legal Defense Fund, New York City, for petitioner.

Victra Fewell, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for respondent.

### ORDER

EISELE, Chief Judge.

■ Dewayne Hulsey, who is presently being held in custody by the Arkansas Department of Correction, has filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As one of several enumerated grounds for the relief he seeks,[1] the petitioner alleges that the jury which sat for his trial was not impartial and did not represent a cross section of the community as is required by the Constitution because the jury was "death-qualified" during voir dire [hereinafter, the *Grigsby* issues]. The respondent has filed a Motion to Dismiss the petition arguing that none of the grounds relied on by the petitioner for the relief he seeks was properly raised before the trial court and, therefore, cannot be a basis for relief under 28 U.S.C. § 2254 as interpreted by the United States Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The petitioner has opposed the motion on alternative grounds. The petitioner first argues that the *Grigsby* issues were timely as presented to the Arkansas Supreme Court, and therefore there is no state procedural rule barring review upon a petition for a writ of habeas corpus. The petitioner then argues that even if the *Grigsby* issues were not properly presented to a state forum, they are so fundamental that there can be no waiver of them that would bar federal habeas review unless it is shown that the

petitioner deliberately bypassed his procedural opportunity to raise them in state court. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Wainwright,* 433 U.S. at 93, 97 S.Ct. at 2509 (Burger, C.J., concurring). Finally, the petitioner argues that if the *Wainwright* standard is held applicable, he has legal "cause" for not raising the issues in timely fashion, and has suffered "prejudice" as a result thereof, and therefore this Court may consider the merits of the claims despite the state procedural waiver. For the reasons discussed below, the Court concludes that to the extent that the petition seeks relief because the trial jury was not impartial and did not represent a cross section of the community, the rule of *Wainwright* is applicable to this case; that the petitioner failed to raise the claims as required by Arkansas Rules of Criminal Procedure; and that federal habeas review of the claims of the petitioner is barred thereby because he has not shown adequate "cause" for the procedural default. The Motion to Dismiss will therefore be granted to the extent that it relates to the *Grigsby* claims.

■ In this case it is undisputed that Mr. Hulsey first attempted to raise his claims that the trial jury was not impartial and did not represent a cross section of the community in an amended petition for permission to proceed under Rule 37 of the Arkansas Rules of Criminal Procedure. With the amended petition was filed a petition for rehearing of the petition for permission to proceed under Rule 37, which had been denied approximately two weeks before. The language cited by the petitioner in the amended petition as raising the issues here in question does so only obliquely, and could not fairly be said to put the Arkansas Court on notice that the petitioner intended to

1. Another case presently pending before this Court, *Grigsby v. Mabry,* No. PB–C–78–32, raises the same issue concerning the impartiality and representativeness of a jury which has been "death-qualified" as a basis for habeas corpus relief. Because of the possibility that the *Grigsby* case and the *Hulsey* case should be consolidated for the purposes of a joint trial on

these particular issues, the claims of Mr. Hulsey that the jury was not impartial and did not represent a cross section of the community because it had been "death-qualified" are being considered separately from the remainder of the issues raised in his petition for a writ of habeas corpus.

press the *Grigsby* issues. The memorandum in support of the petition for rehearing, however, clearly makes the arguments here espoused by Mr. Hulsey. Directly after the discussion of the petitioner's claim that a potential juror was excluded because of her views on the death penalty in violation of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), at page 12 of the memorandum, the petitioner made the following argument:

> Even if Mrs. Creamer had stated unequivocal opposition to the death penalty and even if such opposition had been apparent on the record, her excusal for cause nevertheless was contrary to the Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States. First, because a juror opposed to the death penalty is representative of a significant segment of the community, even in a capital case he or she must be part of the jury panel in order to comply with the Sixth and Eighth Amendments' mandate that the jury's decision represent to the maximum degree possible the prevailing standards of the community. Second, because the death-qualification of a jury increases the likelihood of conviction, the exclusion of a juror opposed to the death penalty violates the defendant's right to a trial by an impartial jury guaranteed by the Sixth Amendment.

Thereafter followed a seven page argument setting forth the legal and factual grounds relied on by the petitioner in support of these claims.

Developing the claims for relief in the brief rather than in the petition itself is not proper pleading practice in Arkansas. However, the Arkansas Supreme Court had not refused up to that time to consider claims so raised because they were not set forth clearly in the petition without reference to the brief. *Neal v. State,* 270 Ark. 442, 605 S.W.2d 421 (1980).[2] Although the Arkansas Supreme Court in its opinion in *Neal,* which was delivered a few months after the decision in *Hulsey v. State,* 268 Ark. 312, 315, 599 S.W.2d 729 (1980),[3] denying Mr. Hulsey a rehearing on his petition for relief under Rule 37, admonished the attorneys for not raising the claims in the proper way and warned that they would not in the future consider claims so raised, they did nonetheless "consider the facts stated in the petition and memorandum as if they, considered together, constituted the allegations of the petition." *Neal,* 270 Ark. at 447, 605 S.W.2d 421. It cannot therefore be said that the Arkansas Supreme Court would refuse to consider the claims of Mr. Hulsey that the jury which sat for his trial was not impartial and did not represent a cross section of the community only because they were not properly pled. It must be concluded that the petitioner did raise the issues before the state forum in his amended petition for Rule 37 relief and the memorandum in support of a rehearing thereof.

Since Mr. Hulsey did raise the *Grigsby* issues in this plea for relief under Rule 37, the next inquiry is whether raising the issues at such time was timely under the Arkansas Rules of Criminal Procedure. If the issues were timely raised, they could be considered on their merits by the Arkansas Supreme Court, and by this Court on federal habeas review without further question. If they were not timely raised, a procedural default occurred for which Mr. Hulsey must demonstrate a legally sufficient excuse to

---

2. The petitioner in *Neal v. State,* 270 Ark. 442, 605 S.W.2d 421 (1980), was represented by the same attorneys in his plea for relief under Rule 37 as had represented Mr. Hulsey, and the issues that the jury was not impartial and did not represent a cross section of the community were raised in the same way in his brief in support of the petition for permission to proceed under Criminal Procedure Rule 37 as they had been by Mr. Hulsey in the Memorandum in Support of the Petition for Rehearing.

3. The opinion by the Arkansas Supreme Court denying Mr. Hulsey's original petition for permission to proceed under Rule 37, handed down March 31, 1980, is reported in *Hulsey v. State,* 268 Ark. 312–315, 599 S.W.2d 729 (1980). The denial of Mr. Hulsey's petition for rehearing of the Rule 37 petition occurred on June 9, 1980, and is reported as a supplemental opinion at 268 Ark. 315–315B, 599 S.W.2d 729 (1980).

avoid dismissal of the habeas petition. The opinions of the Arkansas Supreme Court denying Mr. Hulsey relief under Rule 37 do not answer this question clearly.

█ In its disposition of Mr. Hulsey's original petition for Rule 37 relief, the Arkansas Supreme Court pointed out that constitutional questions may be first presented to an Arkansas court in accordance with the state procedure in a petition for relief under Rule 37 if they "raise issues so fundamental as to render the sentence and the judgment void and open to collateral attack." *Hulsey v. State,* 268 Ark. 312, 315, 599 S.W.2d 729 (1980). The Court then decided that the issues raised by Mr. Hulsey in his claim that the dictates of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), had been violated were sufficiently "fundamental" that the Court was required to reach them on their merits despite the fact that they were raised for the first time in that petition. It was held that the requirements of *Witherspoon* had been met in the selection of the jury for Mr. Hulsey's trial and he would not be granted relief on that ground. The Court then expressed its opinion that it was "simply too late" for all other contentions argued by the petitioner to be raised because they had not been raised on the first appeal. *Hulsey v. State,* 268 Ark. 312, 315, 599 S.W.2d 729 (1980). Mr. Hulsey had not at that point presented his claims that the jury was not impartial and did not represent a cross section of the community to the Court for consideration. Therefore, this summary finding that the contentions had been waived because not raised as required by Arkansas procedure cannot be held applicable to those issues. In the opinion denying rehearing of the Rule 37 petition, the Court did not directly address the *Grigsby* issues which had been raised by the petitioner in the amended petition filed at the same time as the petition for rehearing. *Hulsey v. State,* 268 Ark. 315, 599 S.W.2d 729 (1980). The Court first discussed the *Witherspoon* issues as it had in the original opinion, and concluded that it adhered to its original holding. The Court then addressed on its merits the petitioner's claim that he

did not have effective assistance of counsel during his trial and the subsequent appeals, a contention that had not been included in the original petition and was also raised for the first time in the amended petition for Rule 37 relief as had been the *Grigsby* issues. The Court stated that "[n]o violation of any fundamental constitutional right has been discovered" and that trial counsel could not be held ineffective for not having "anticipated the frail and insubstantial constitutional questions that are now being urged three years later." The Court concluded as it had in the first opinion that it was "simply too late for the present contentions to be raised." *Hulsey v. State,* 268 Ark. 315, 315–B, 599 S.W.2d 729 (1980).

Mr. Hulsey contends that by stating that "[n]o violation of any fundamental constitutional rights has been discovered," the Supreme Court addressed the merits of the *Grigsby* claims, which were framed as constitutional challenges. If the state court did address the claims on their merits, there could not be held to be a procedural default barring review by this Court. However, in this Court's opinion, such a finding would place far too much emphasis on a general assertion by the Court. The statement that no constitutional violation had been discovered was made in the context of a discussion concerning the adequacy of representation by Mr. Hulsey's trial counsel. The Court concluded, in sum, that trial counsel could not be held to be ineffective simply because he did not raise certain constitutional questions which the Court considered "frail and insubstantial" and which had not resulted in a finding of constitutional violation. To attach the import to this sentence that is urged by the petitioner, and hold that through it the Court intended to dispose of all the arguments made in his Rule 37 petition summarily on their merits, would stretch it beyond its reasonable meaning. The Arkansas Supreme Court did not address the merits of the *Grigsby* issues in its opinion denying rehearing of the Rule 37 petition.

The petitioner then argues that under Arkansas law the Supreme Court could

have, and should have, addressed the merits of the *Grigsby* issues although they were raised for the first time in the Rule 37 proceedings, and therefore the general finding that the remaining contentions were "simply [raised] too late" cannot be held to include the *Grigsby*-type claims. The crux of the petitioner's argument in this regard is that the *Grigsby* issues and the *Witherspoon* issues are equally as "fundamental," and so the *Grigsby* issues must be held to also come within the exception that allowed the Supreme Court to consider the *Witherspoon* issues for the first time in the Rule 37 proceeding. It is contended that *Witherspoon* and *Grigsby* raise the same basic issue—that the jury must be fairly composed and impartial on the issues presented to it. In support of this, the petitioner cites the language of the Arkansas Supreme Court in *Neal v. State,* 270 Ark. 442, 447, 605 S.W.2d 421 (1980), wherein the Court stated that the "basic question raised is not different." The petitioner contends that the Supreme Court then addressed the *Grigsby* issues on their merits in *Neal,* although raised for the first time in the Rule 37 petition, thereby establishing that such treatment was proper for those particular claims.

■ This Court disagrees with the petitioner's analysis. Although both *Grigsby* and *Witherspoon* raise the question of an impartial jury, they are distinctly different. A finding that one issue is "fundamental" for these purposes does not necessitate a finding that the other is as well. This is especially true since the Supreme Court in *Witherspoon* established a *per se* rule requiring the invalidity of the death sentence in certain circumstances, whereas it only invited the petitioner to make a record in an attempt to prove the *Grigsby* claims. The statement by the Arkansas court can indeed be seen as a recognition that both claims raise issues concerning the impartiality of the jury. But this is not equal to a statement that the procedural rules for raising the two issues are the same. Furthermore, to find that the Arkansas Supreme Court would allow the *Grigsby* issues to be raised for the first time in a Rule 37 petition would be in direct contradiction of

the language of that court in dealing with Mr. Hulsey's petitions. The Court discussed the issues it deemed to be properly raised, including the petitioner's claim of ineffective assistance of counsel which was raised for the first time in the amended petition. The Court then stated without reservation that all other contentions of the petitioner were barred because not previously raised as required by Arkansas procedure. The Court concludes that the Arkansas Supreme Court refused to deal with the *Grigsby* issues as raised in the Rule 37 petition because the petitioner had not complied with Arkansas procedure in presenting those issues.

This Court does not see the inconsistency in this holding and the treatment of the *Grigsby* issues in *Neal v. State,* 270 Ark. 442, 605 S.W.2d 421 (1980), that is urged by the petitioner. The cursory discussion accorded the issues in *Neal* may be seen as a gratuitous statement of the Court's opinions rather than a disposition of claims that the Court was required to address on their merits. Either evaluation of the Court's language is plausible, and the first does not create the inconsistencies present in the latter.

■ The Court feels compelled to express its views concerning the propriety of the procedural rule it is urged by the petitioner to accept. If the defendant were allowed, with impunity, to withhold an objection to the way the jury is chosen, and raise it for the first time in a plea for collateral relief, an unnecessary burden on the State would be created. It is not unreasonable to require that such issues be raised at a time when the State at least has an opportunity to correct them if accepted as meritorious and thereby avoid the expense and delay of repeated proceedings. The obvious and most efficient vehicle for raising the *Grigsby* issues would be a motion for a pretrial evidentiary hearing. The least desirable from the standpoint of judicial management, the basis for procedural rules, would be to raise the challenges in a collateral attack on the judgment several years after

the trial. It is, of course, a matter for state lawmakers to determine what the procedural requirements for raising such issues in its courts shall be. However, absent a clear basis for such a holding, this Court would be reluctant to find that the challenges to the jury which are here in issue could be raised for the first time at such a late date without some showing by the petitioner that the delay should be excused.

The final argument espoused by the petitioner to establish that there was no procedural default is somewhat troublesome. Mr. Hulsey contends that the determination by the state court of whether each constitutional claim is "fundamental" is actually an adjudication of its substantive merit under federal law. Such a determination of federal law, it is argued, should be reviewable by a federal court upon a petition for a writ of habeas corpus. A related argument is that the discretion in the state court as to when the claim must be raised destroys the procedural default as a bar to habeas review because it would, in effect, give the state court non-reviewable discretion over access to a federal forum for the presentation of federal claims. *Williams v. Georgia,* 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955).

Defining the contours of the "fundamental" quality of a constitutional right, as that term is used in the exception allowing some issues to be raised for the first time in a Rule 37 petition, would be a matter of state procedural law. It is true that the substantive content of the right would effect the determination. However, the final decision as to which claims should be allowed to be raised at such a late time would be a matter of state rather than federal law. The discretion exercised by the state court, and the effect thereon of *Williams v. Georgia,* is more problematic to analyze. The discretion exercised in *Williams* and the decision made by the Arkansas Supreme Court in *Hulsey* are different. In *Williams* both the trial court and the appellate court had the power to hear the defendant's claim, but decided, given the circumstances of the case and the lack of explanation for the delay, that such power should not be exercised.

Under Arkansas procedure the Supreme Court had the power to review the claims raised in the Rule 37 petition only if it would void the conviction or the sentence imposed, and in such circumstances it *had* to review the claim. The analysis of the Arkansas court in this decision was limited to the particular issue raised and the legal effect thereof; a review of the facts of the case and the circumstances involved in the procedural default does not appear to be contemplated. There is nothing from which this Court could find that the Arkansas Supreme Court has applied the rule governing default of the *Grigsby* issues unfairly or inconsistently. Further, there is absolutely no evidence that the Court has applied the rule in a way that could be seen as deliberate avoidance of the federal claim. The Court concludes that this case does not fall within the exception of *Williams v. Georgia,* 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955), holding that if review of a claim raised at a late stage in the state proceedings would be within the discretion of the state court, then federal review cannot be held barred by the state procedural default.

■ The Court concludes that the claims by Mr. Hulsey that the jury which sat for his trial was not impartial and did not represent a cross section of the community were untimely as raised in the amended Rule 37 petition and were therefore barred by a state procedural rule. The next matter that must be determined is the effect of this procedural default upon the ability of this Court to consider the claims as presented in this petition for relief under 28 U.S.C. § 2254.

■ The first contention by the petitioner is that the procedural default does not bar review by this Court absent a showing that he deliberately bypassed his opportunities to raise the issues in state court. This rule of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), was severely limited by the Court's holding in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). There has been a good deal of discussion about just what remains

of the holding in *Fay*. It may be true, as argued by the petitioner, that some courts have recognized a standard for determining which case is to apply in terms of how "fundamental" the issue in question is. However, the Eighth Circuit Court of Appeals has clearly stated guidelines for determining whether *Fay* or *Wainwright* is to apply in terms of whether the issue is one which is normally decided by the defendant or by his or her attorney. *Graham v. Mabry*, 645 F.2d 603 (8th Cir.1981), *citing Wainwright v. Sykes*, 433 U.S. at 91–94, 97 S.Ct. at 2508–10 (Burger, C.J., concurring). The Court of Appeals has explained that "where the waiver relates to events during trial such as waived objections or counsel's tactical decisions the 'cause and prejudice' standard applies." *Rinehart v. Brewer*, 561 F.2d 126, 130 n. 6 (8th Cir.1977). The *Graham* case, which is, of course, controlling here, actually involved a challenge to the jury, and the Court concluded that the *Wainwright* standard was applicable because "[t]he question of how to conduct voir dire of potential jurors ... is well within the usual function of trial counsel." *Graham v. Mabry*, 645 F.2d at 606. Because the decision to raise the claims here in issue in the state trial court is one which would normally be made by counsel on behalf of the client, the requirements for overcoming the procedural default are governed by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Graham*, 645 F.2d 603.

■ The decision of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is applicable to the situation in which the failure to comply with a state procedural rule would be an adequate and independent ground for the decision of the state court, thereby barring federal habeas review. *Wainwright*, 433 U.S. at 81, 97 S.Ct. at 2503. The Supreme Court stated, "we deal only with contentions of federal law which were *not* resolved on the merits in the state proceeding due to [petitioner's] failure to raise them there as required by state procedure." *Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506 (emphasis in original). This is exactly the situation present in this case. The Court held that in such circumstances federal habeas relief would be barred absent a showing by the petitioner of "cause" and "prejudice" attendant to the state procedural waiver. However, the Court expressly left to another day defining the content of the terms "cause" and "prejudice." *Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506.

■ The petitioner espouses two separate grounds for a finding of "cause" to excuse the procedural default in this case. The first is that the law and facts upon which his present claims are based were not sufficiently developed at the time of the state court proceeding that the trial attorney could be fairly expected to raise the issues. However, it is clear that such cannot be the basis for "cause" in this case. The Supreme Court in 1968 practically invited persons to raise the issue by specifically leaving the questions open. *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Even if the petitioner could have presented little more evidence at the time of his trial than had been available to the Court in *Witherspoon*, the issues could have at least been raised in the trial court. In fact that is precisely what had been done by the trial attorney for Mr. Grigsby in *Grigsby v. Mabry*, 483 F.Supp. 1372 (E.D.Ark. 1980), upon which the petitioner relies so heavily in making his claims. The trial in *Grigsby* was in 1975, well in advance of Mr. Hulsey's trial. It simply cannot be said that Mr. Hulsey's trial attorney could not reasonably have been expected to be aware of the issue and the necessity of raising it.

The second reason espoused by the petitioner as "cause" for not having raised the issues in the state proceeding is that to do so would have been futile under then-existing Arkansas and federal law. Mr. Hulsey points to the opinions of the Arkansas Supreme Court in *Venable v. State*, 260 Ark. 201, 538 S.W.2d 286 (1976), and *Grigsby v. State*, 260 Ark. 499, 542 S.W.2d 275 (1976), as showing that the state court rejected the claims here made when presented to them and therefore would not have been recep-

tive to such a claim by Mr. Hulsey either. The trials and appeals in *Venable* and *Grigsby* were roughly contemporaneous to that of Mr. Hulsey.

As a legal basis for the argument that futility in raising an issue is legal "cause" for the failure to do so, the petitioner cites *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In *Estelle* the Supreme Court explicitly adopted the reasoning of the Fifth Circuit Court of Appeals in rejecting the argument that the claim there presented had been waived by a procedural default. *Estelle,* 451 U.S. at 468, n. 12, 101 S.Ct. at 1876, n. 12. As one of three "sufficient" reasons for holding that the petitioner was not barred from raising his claims because he had not objected at the proper time, the Court of Appeals had stated that the "apparent futility of objecting to an alleged constitutional violation excuses a failure to object." *Smith v. Estelle,* 602 F.2d 694, 709 n. 19 (5th Cir.1979).

This Court does not read the language of the Supreme Court in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), as holding that apparent futility in raising an issue automatically excuses a failure to raise it at all. The argument traced by the petitioner would allow a defendant to completely bypass raising an issue in the state court not only if there was firmly established precedent that the Court would decide it against him, but also if he was correct in his prediction that the Court would so reject the claim when it was presented to it. Such a holding would make the requirement of "cause" in *Wainwright* essentially meaningless. The reasoning of the Court in *Wainwright* indicates a finding by the Court that the State has a strong interest that should be honored in avoiding "sandbagging" of constitutional claims by defense attorneys and in making the state trial in a criminal case the "decisive and portentous event." *Wainwright,* 433 U.S. at 89–90, 97 S.Ct. at 2507–2508. This Court simply does not accept the view that the Supreme Court intended to obliterate this holding in such an offhand manner. This Court therefore refuses to give the import to the footnote in *Estelle* that is urged by the petitioner.

In this case there was no precedent of the Arkansas Supreme Court at the time of Mr. Hulsey's trial which would make the raising of the guilt-proneness issues an obviously futile exercise. The Arkansas opinion first establishing the rule in the state on the issues came some eight months after the petitioner's trial. Under these circumstances the Court holds that the petitioner's prediction that the claim would not be successful is not sufficient "cause" under *Wainwright* to excuse the failure to raise the issue in a proper procedural manner that would allow the state court to consider its merits.

The conclusion of the Court is that although Mr. Hulsey did attempt to raise the *Grigsby* issues before the Arkansas courts, he did not do so in timely fashion. Therefore, a state procedural rule was an adequate and independent ground barring review of the claims on their merits by the state court. This procedural default also bars federal habeas review of the issues under *Wainwright* because the petitioner has not demonstrated legally sufficient "cause" for the failure to raise the issues. Therefore, the respondent's motion to dismiss the claims that the trial jury was not impartial and did not represent a cross section of the community is well taken.

It is Ordered that the respondent's motion to dismiss be, and it is hereby, granted solely with respect to petitioner's contention that the trial jury was not impartial and did not represent a cross section of the community.